The Law Offices of Jeffrey Lohman, P.C.
Jeremy Branch – Bar #303240
4740 Green River Road
Suite 206
Corona, CA 92880
Tel. (866) 329-9217 ext. 1009
Fax (657) 246-1312
Email: JeremyB@jlohman.com
Attorneys for Plaintiff,
RALPH SALAZAR

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| RALPH SALAZAR,<br><br>    Plaintiffs,<br><br>v.<br><br>NAVIENT SOLUTIONS, INC.,<br><br>    Defendant. | Case No.:<br><br>**Damages for Unlawful Debt Collection Practices** |

# COMPLAINT

RALPH SALAZAR (Plaintiff), by his attorney, alleges the following against NAVIENT SOLUTIONS, INC., (Defendant):

1. Plaintiff brings this action on behalf of himself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq.* and in violation of California's Rosenthal Fair Debt Collection Practices Act (hereinafter "RFDCPA"), Ca Civ. Code § 1788.17

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). <u>See</u>, <u>Mims v. Arrow Financial Services, LLC</u>, 565 U.S. 368 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained herein.

3. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## PARTIES

4. Plaintiff is a natural person residing in Orange County, in the city of Santa Ana, California.

5. Defendant is a Delaware corporation doing business in the State of California, and with its principal place of business located in Wilkes-Barre, Pennsylvania.

6. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

7. Defendant is a "person" as defined by 47 U.S.C. § 153 (10).

8. In or around December 2015, Defendant began constantly and continuously placing collection calls to Plaintiff seeking and demanding payment for an alleged debt.

9. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (949) 468-70XX.

10. Defendant places collection calls to Plaintiff from various phone numbers including, but not limited to (302) 261-5532, (765), 637-0794, (512) 354-2003, (615) 432-4231, (513) 914-4616, (716) 707-3294, (607) 271-6195, (856) 242-2506, (617) 762-5961, (202) 899-1322, (703) 935-1146.

11. Per its prior business practices, Defendant's calls were placed with an automated dialing system ("auto-dialer").

12. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a) (1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, RALPH SALAZAR.

13. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

14. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

15. Defendant never received Plaintiff' "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

16. On or about December 28, 2015, Plaintiff sent a letter to Defendant at the following address: Navient, P.O. Box 9640, Wilkes-Barre, PA 18773-9640. The letter established the disputed nature of the debt claimed by Defendant, required all further communication pertaining the disputed debt to cease, including any direct telephone calls to Plaintiff's

cellular phone, and instead demanded that communications to be directed to Plaintiff's attorney.

17. The December 28, 2015 letter to Navient identified the original loan number and the Navient account number pertaining the disputed debt.

18. Defendant Navient specifically annotated in its system that the Plaintiff had disputed the debt and that he was represented by an attorney thereafter. Despite such knowledge and annotation, Defendant continued to directly call Plaintiff's personal cellular number to collect on the disputed debt.

19. Plaintiff revoked any consent, explicit, implied, or otherwise, to call his cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system with Defendant's representative on December 28, 2015.

20. Despite Plaintiff's request to cease, Defendant continued to place myriad collection calls to Plaintiff. For such reason, on May 25, 2016, Plaintiff again communicated with Defendant, this time, by calling Defendant's telephone number. Plaintiff spoke with Defendant's Representative named Jennifer, identified himself by providing his social security number, and again asked Defendant to stop making phone calls to his cellular number.

21. Defendant Navient specifically annotated in its system that the Plaintiff had again called to request that Defendant stop making calls to his cellular phone. Despite such knowledge and annotation, Defendant continued to directly call Plaintiff's personal cellular number to collect on the debt.

22. Despite both communications for Defendant to cease making calls to Plaintiff's cellular phone on the disputed debt, and their due annotations in Defendant's electronic records, Defendant continued to place collection calls to Plaintiff through July 18, 2016.

23. Despite Plaintiff's requests that Defendant cease placing automated collection calls, Defendant placed at least two hundred seventy-eight (278) automated calls to Plaintiff's cellular phone.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

24. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-21.

25. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

26. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

27. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 et. seq.

28. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-21.

29. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

30. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

31. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION
### DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CA CIV CODE § 1788.17

30. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-21.

31. Defendant violated the Rosenthal FDCPA based on the following:

    a. Defendant violated § 1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.
    b. Defendant's conduct of repeatedly and continuously calling Plaintiff on his cellular phone, even after Plaintiff unambiguously required Defendant to cease doing so, was made to annoy and harass the Plaintiff and cause him undue telephone expenses, in violation of §1788.11 of the RFDCPA.
    c. Defendant violated 15 U.S.C. § 1692c(a)(2), made applicable to Defendant by California Civil Code § 1788.17, by continuing to collect on a disputed debt directly with Plaintiff, while he was represented by an attorney.

WHEREFORE, Plaintiff, RALPH SALAZAR, respectfully requests judgment be entered against Defendant, NAVIENT SOLUTIONS, INC., for the following:

### FIRST CAUSE OF ACTION

1. For statutory damages of $500.00 multiplied by the number of negligent violations of the TCPA alleged herein (278); $139,000.00;

2. Actual damages and compensatory damages according to proof at time of trial;

### SECOND CAUSE OF ACTION

3. For statutory damages of $1,500.00 multiplied by the number of knowing and/or willful violations of TCPA alleged herein (278); $417,000.00;

4. Actual damages and compensatory damages according to proof at time of trial;

### THIRD CAUSE OF ACTION

5. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act;

6. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*;

7. Litigation costs and all reasonably billed attorneys' fees per *Lodestar* pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and;

8. Actual damages and compensatory damages according to proof at time of trial;

### JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

DATED: May 2, 2018

**The Law Offices of Jeffrey Lohman, P.C.**

By: */s/*
Jeremy Branch
CD Cal. Bar No. 303240
The Law Offices of Jeffrey Lohman, P.C.
4740 Green River Road
Suite 206
Corona, CA 92880
Tel. (866) 329-9217 Ext. 1009
Fax (657) 246-1312
Email: JeremyB@jlohman.com

- 8 -